GILBERT, Respondent, vs. BURG, imp., Appellant.

*October 24 — November 8, 1895.*

*Service of summons on nonresident: Fraud.*

Personal service of a summons in this state on a nonresident defendant will not be set aside on the ground that his presence in the state was procured by a fraudulent contrivance, if the evidence fails to establish the fraud or that his presence was procured thereby.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The action is for the foreclosure of a mortgage upon an hotel property in the city of Superior. The defendant resides at the city of Duluth in the state of Minnesota, and is frequently at the city of Superior. On the 11th day of September, 1894, at the city of Superior, personal service of the summons and complaint in the action was made upon him. On September 29, 1894, he served notice of a motion to set aside the service of the summons and complaint on the

ground that his presence in the state, at the time of the service, had been procured by the fraudulent contrivance of the plaintiff; that he was decoyed within the state for the purpose of obtaining such service. The motion was heard upon affidavits presented by either side. It was supported faintly by affidavits which tended remotely and by uncertain inference to show the fraud claimed. But the defendant's affidavits did not show that any such fraudulent contrivance was the cause of his presence in Superior on the day of the service. The motion was resisted by affidavits which denied fully, and without equivocation, all artifice to procure his presence within the state. The court denied the motion. The defendant appeals.

For the appellant the cause was submitted on the brief of *Arnold & Arnold.* They cited *Townsend v. Smith,* 47 Wis. 623; *Ilsley v. Nichols,* 12 Pick. 270, 276; *Williams v. Reed,* 29 N. J. Law, 385; *Dunlap & Co. v. Cody,* 31 Iowa, 260; *Stein v. Volkenhuysen,* 96 Eng. C. L. 64; *Blair v. Tuttle,* 5 Fed. Rep. 394; *Chubbuck v. Cleveland,* 37 Minn. 466.

For the respondent there was a brief by *Francis W. Sullivan* and *Henry J. Jordan,* and oral argument by *Mr. Sullivan.*

NEWMAN, J. The order is in accord with the clear weight of the evidence. Where the evidence fails to establish the fact of a fraudulent contrivance, or that the presence within the state was procured by the fraudulent contrivance, in either case no wrong to the defendant is established.

*By the Court.*— The order of the superior court of Douglas county is affirmed.